BENJAMIN B. WAGNER
United States Attorney
MICHAEL D. ANDERSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED

NOV 13 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:07-CR-432 EJG |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER REGARDING RESTITUTION |
| v. | |
| GABRIEL VIRAMONTES, | |
| Defendant, | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate that the restitution hearing currently scheduled to be heard on November 9, 2012, be dropped from calendar and that the Court find that no restitution will be ordered in this case.

In light of the Ninth Circuit decision in *United States v. Yeung* 672 F.3d 594 (9  Cir. 2012), this case was set for restitution hearing following defendant Viramontes' convictions for his role in a mortgage fraud scheme. In *Yeung*, the Ninth Circuit confirmed that a restitution award requires an adequate evidentiary basis that would enable a district court to explain its reasoning for making the award. *Id.*; *see also United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) (finding an inadequate explanation of a restitution award).

///

In the present case, the government made multiple requests in order to obtain documentation and an accurate accounting that fairly establishes restitution from the victims or their successors in interest. Recognizing that this type of information can be difficult to obtain in a mortgage fraud case, since loans mortgage loans during the time period in question were often packaged and resold and many original lending institutions have failed and have been replaced by successors in interest, the Court has continued this matter a number of times for that purpose. However, the requested information has not been provided. The parties agree that a reasonable time has passed to allow compliance with the government's requests and that additional time is unlikely assist in obtaining the requisite documentation.

Accordingly, the government agrees that it is unable to establish the amount of restitution owed by the defendants in this case.

For the foregoing reasons, the parties request that this matter be dropped from calendar. It is further requested that the Court find that no restitution will be ordered in this case.

IT IS SO STIPULATED.

DATED:   November 8, 2012.

/s/ Michael D. Anderson
MICHAEL D. ANDERSON
Assistant United States Attorney

DATED:   November 8, 2012.

/s/ Michael B. Bigelow
MICHAEL B. BIGELOW
Counsel for Defendant

**ORDER**

IT IS SO FOUND AND ORDERED this 12th day of Nov, 2012.

HON. EDWARD J. GARCIA
UNITED STATES DISTRICT JUDGE

2